# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**PAUL LEON WARE,**

      **Plaintiff,**

**v.**                                   **Case No.  8:09-cv-1976-T-30TGW**

**POLK COUNTY BOARD OF**
**COUNTY COMMISSIONERS, County**
**of Polk, Florida, et al.**

      **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 4) and Plaintiff's Response to same (Dkt. 5).  The Court having reviewed the motion, response, and being otherwise advised in the premises, concludes that Defendants' Motion to Dismiss (Dkt. 4) is granted.

## BACKGROUND

Plaintiff's Petition for Redress of Grievances for Deprivations of Rights and Property under Color of Law and Color of Authority (the "Petition") (Dkt. 1) was filed on September 29, 2009.  Plaintiff brings claims under 42 U.S.C. §1983 based on the actions taken by Defendants related to land that Plaintiff owns in Polk County (the "Land").  Specifically, Plaintiff assembled a barn on the Land and a claim of lien was filed for the monetary fines against Plaintiff for his failure to obtain a permit from Polk County before assembling the barn.  The issue proceeded to state court, specifically before the Tenth Judicial Circuit Court

in and for Polk County, Florida (the "State Court Action"), and after a hearing on July 8, 2009, Judge Curry granted summary judgment in favor of the Board of County Commissioners and against Plaintiff. Thus, Plaintiff's claims appear to be in response to Judge Curry's denial of his claim in the State Court Action. Specifically, the Petition states that Defendants "were acting in concert and outside the scope of their office or employment by their unconstitutional claims, acts, without cause and proceeded in the malicious vindictive prosecution and the unlawful taking of [Plaintiff's] property, standing in the community and denial of liberty to the use [sic] [Plaintiff's] farm land." The Petition also alleges that the denial of his claim in the State Court Action, the imposition of fines and/or liens against the Land, and the taking of the Land are unconstitutional.

On October 19, 2009, Defendants filed a Motion to Dismiss (Dkt. 4).[1] Defendants argue, in part, that this Court cannot review the State Court Action and cannot reverse the prior judgments and orders entered in the State Court Action. On November 2, 2009, Plaintiff filed his Response to Defendants' Motion to Dismiss (Dkt. 5). On November 2, 2009, Plaintiff also filed an Exparte Motion for Temporary Restraining Order ("TRO") based on a writ of possession and final notice of eviction he received involving the Land (Dkt. 6).

---

[1] Defendants David Kearns and Kevin McCollough have not been served yet, however, because the Court concludes that it has no authority to review the final judgments of state courts, the Petition must be denied as to all Defendants and this case must be closed.

For the reasons set forth herein, the Court concludes that the Petition must be dismissed and the TRO must be denied because this Court does not have the authority to review the final judgment of a state court.

## DISCUSSION

**I.      Motion to Dismiss Standard**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).  Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).  To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007).  While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims").   Absent the necessary factual allegations,

"unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

**II.     Defendants' Motion to Dismiss Based on Jurisdiction**

Defendants argue, in part, that this Court does not have the authority to review the State Court Action under the <u>Rooker-Feldman</u> doctrine. Specifically, Defendants point out that after Judge Curry granted summary judgment in favor of the Board of County Commissioners, Plaintiff immediately filed an action before this Court instead of filing an appeal with the Second District Court of Appeal for Florida. Defendants contend that all of Plaintiff's claims in this action relate to the claims he asserted in the State Court Action and this Court has no authority to review the final judgment in the State Court Action.

The <u>Rooker-Feldman</u> doctrine derives its name from two Supreme Court decisions, <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). It "precludes lower federal court jurisdiction over claims seeking review of state court judgments ... no matter how erroneous or unconstitutional the state court judgment may be." <u>Brokaw v. Weaver</u>, 305 F.3d 660, 664 (7th Cir. 2002) (citing <u>Remer v. Burlington Area Sch. Dist.</u>, 205 F.3d 990, 996 (7th Cir. 2000)). The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations. <u>See</u> <u>Feldman</u>, 460 U.S. at 482 n. 16, 103 S.Ct. 1303. Accordingly, a state litigant seeking review of a state court judgment must follow the

appellate process through the state court system. <u>See</u> <u>Stevens v. Deutsche Bank Nat. Trust</u> <u>Co.</u>, 2009 WL 248239 (M.D. Fla. Jan. 30, 2009).

Plaintiff's claims in this case are exactly the types of claims the doctrine seeks to preclude from federal court review. All of Plaintiff's claims relate to the same lien/foreclosure on the Land and appear to request this Court to review the various state court proceedings and/or reverse the judgment entered by Judge Curry. Because any relief in this suit would necessarily challenge the judgment of a circuit court, or at least the decision of a circuit court judge, this action is barred by the <u>Rooker-Feldman</u> doctrine.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendants' Motion to Dismiss (Dkt. 4) is hereby **GRANTED.**

2.     The Petition (Dkt. 1) is barred by the <u>Rooker-Feldman</u> doctrine, which is why this Court denied Plaintiff's Emergency Motion for Temporary Restraining Order (Dkts. 6 and 7).

3.     The CLERK is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on November 3, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1976.mtdismiss.frm